## Commonwealth v. Lewis et al.

*Justice of the peace—Summary conviction—Record—Fatal defects.*

A magistrate's record in a summary conviction is fatally defective if it contains no date of the arrest of the defendant; no names of the persons making the arrest; no names and addresses of the witnesses; no indication that defendant and his witnesses were given an opportunity to testify; no statement of the testimony heard by the magistrate; no reference to the time and place of the commission of the offense; no statement that the magistrate convicted the defendant of the offense charged, and no reference to the act of assembly violated.

*Certiorari* to magistrate. C. P. No. 5, Phila. Co., March T., 1928, No. 11156.

*Lemuel B. Schofield,* Assistant District Attorney, for Commonwealth.

·*S. W. Salus,* for defendants.

ALESSANDRONI, J., April 26, 1928.—On April 20, 1928, Jack Lewis, Charles Graziola and John Horan were arraigned before Magistrate Edward J. Holland on the charge of vagrancy, resulting in the commitment of the said defendants to the House of Correction for three months.

On April 21st counsel for the said defendants filed a petition in their behalf in this court for a writ of *certiorari* to the said magistrate, setting forth that the commitment of the defendants was illegal and should be set aside for the following reasons:

*(a)* The record of the magistrate does not disclose the date of the arrest of the defendants.

*(b)* The record of the magistrate does not show the manner in which defendants were arrested.

*(c)* The record of the magistrate does not disclose the name of the person making the arrest.

*(d)* The record of the magistrate does not disclose the addresses of the witnesses who appeared against the defendants.

*(e)* The record of the magistrate does not show that the defendants and the witnesses were given an opportunity to testify.

*(f)* The record of the magistrate does not contain a statement of the testimony of the witnesses heard by the magistrate, nor does it contain the time and place of the commission of the alleged offense.

*(g)* The record of the magistrate does not disclose the act of assembly or ordinances violated, nor does it give an exact description of the offense charged.

*(h)* The record of the magistrate does not show that defendants were personally present when sentence was pronounced.

*(i)* The record of the magistrate is generally vague and incomplete and insufficient under the law.

Whereupon the court directed that a writ of *certiorari* issue to the said magistrate, returnable Monday, April 23, 1928, at 3 P. M.

The record of the magistrate in this case is totally devoid of the legal elements necessary to sustain the conviction of the defendants. Counsel has cited numerous authorities in support of this contention. We need not go further than the opinion of this court in Commonwealth of Pennsylvania *v.* Anna Reilly, C. P. No. 5, March Term, 1914, No. 3565, which laid down the following requirements in the record of a magistrate in cases of summary convictions:

1. The name and address of the defendant.

2. The date of his arrest.

Commonwealth *v.* Lewis et al.

3. The manner in which he was arrested.

4. The name of the person making the arrest.

5. The charge on which he was arrested.

6. The names and addresses of the witnesses who appeared against him at the hearing, as well as the date of the hearing.

7. The fact that the defendant and his witnesses were given an opportunity to testify, and the names and addresses of the defendant's witnesses, if any were called.

8. A brief statement of the testimony of each witness heard by the magistrate, including the time and place of the commission of the offense.

9. The fact that, after hearing the testimony, the magistrate convicted defendant of the offense.

10. An exact description of the offense, referring to the act of assembly or ordinance which was violated.

11. The sentence imposed upon defendant by the magistrate, and the fact that the defendant was personally present when such sentence was pronounced.

The record of the magistrate in this case baffles description. It makes no pretense of attempting to comply with the requirements of the law. It is a mere printed form with a few words typed thereon, adding little, if anything, to the original blank form. There is no date of the arrest of the defendants; no names of persons making the arrest; no names and addresses of the witnesses appearing against them; no indication that the defendants and their witnesses were given an opportunity to testify; no statement of the testimony of the witnesses heard by the magistrate; no reference to the time and place of the commission of the offense; no statement that the magistrate convicted the defendants of the offense charged.

While the defendants appear to have been charged with the crime of vagrancy, there is no reference to the act of assembly violated. There is no notation that the magistrate imposed a sentence, although it is contended that a sentence of three months each in the House of Correction was imposed in the following language: "After hearing, defendant required to give bail in the sum of $———, 3 months each in the House of Correction, conditioned for his appearance in the ——— Term of Court."

The courts have, times without number, called the attention of magistrates to the requirements of the law in cases of summary convictions. That defendants too frequently succeed in reversing the judgment of magistrates upon technical legal grounds is not to be blamed upon the exacting requirements of the law in such cases, but upon the almost incurable indifference and laxity of those charged with the administration of the law in such cases. As was said in the Reilly case: "The exercise of the power of summary conviction without trial by jury is an exceedingly arbitrary action, and the judicial officers entrusted with such absolute authority over the personal liberty of the men and women brought before them should see to it that no constitutional right of the accused is overlooked and that no requirement of the law is violated."

It happens oftener than not that the accused in such cases obtain their discharge, not upon the merits, but upon so-called technicalities, and in this case it may very well be that the charge of vagrancy was a clumsy makeshift of a befuddled police mind, seeking conscientiously to perform its duty, but finding itself in doubt as to the proper charge to be preferred. The law which works the discharge of these defendants is intended for the protection of the innocent and the oppressed. Professional criminals and persistent

violators of the law would find their recourse to technicalities intended for the protection of the innocent less profitable if the police and the magistrates, in particular, would avail themselves of the advice and guidance of the district attorney.

The record in this case is fatally defective for the reasons stated, and judgment upon the *certiorari* must be entered in favor of the defendants.